UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GREGORY R. MARLOR,<br><br>   Plaintiff,<br><br>  v.<br><br>HOLLY GOODIN, ADA COUNTY,<br>et al.,<br><br>  Defendants. | Case No. 1:25-cv-00003-BLW<br><br>**INITIAL REVIEW ORDER<br>BY SCREENING JUDGE** |

Because Plaintiff Gregory R. Marlor submitted an in forma pauperis application in this civil rights action (Dkt. 1), this case was conditionally filed by the Clerk of Court, subject to review by the Court to determine whether the Complaint and Supplement (Dkts. 3, 6) should be dismissed under 28 U.S.C. § 1915.

Having reviewed the record, the Court enters the following Order, preliminarily concluding that the Complaint was filed beyond the statute of limitations date and requiring Plaintiff to file a memorandum to address timeliness and any legal excuses for untimeliness.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

## REVIEW OF COMPLAINT

### 1.  Standards of Law for Review of Complaint

The Court is required to review complaints filed in forma pauperis to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§1915(e)(2)(B), 1915A(b).

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Under 28 U.S.C. § 1915(d), a district court may dismiss a frivolous in forma pauperis action sua sponte without service of process on the defendants. *Franklin v. Murphy*, 745 F.2d 1221, 1225-26 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989). An action is frivolous only "where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. A case filed outside the statute of limitations period is legally frivolous. *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *Pino v. Ryan*, 49 F.3d 51 (2d Cir. 1995); *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (citing *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993)). *Cf. Herbst v. Cook*, 260 F.3d 1039, 1042 (9th Cir. 2001) (in habeas corpus context, finding the district court "has the authority to exercise its discretion by raising the statute of

limitations sua sponte when doing so furthers the interests of comity, federalism, and judicial efficiency"). When a statute of limitations issue has been identified by the Court, the plaintiff must be given an opportunity to respond. *Id.* at 1043.

The statute of limitations period for filing a civil rights lawsuit under 42 U.S.C. § 1983 is the statute of limitations period for personal injuries in the state where the claim arose. *Wilson v. Garcia*, 471 U.S. 261 (1985) (later overruled only as to claims brought under the Securities Exchange Act of 1934, not applicable here). Idaho Code § 5-219 provides for a two-year statute of limitations for professional malpractice, personal injury, and wrongful death actions. Federal civil rights actions arising in Idaho are governed by this two-year statute of limitations.

Although the state statute of limitations governs the time period for filing a claim, federal law governs when a claim accrues. *Elliott v. City of Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994). The United States Court of Appeals for the Ninth Circuit has determined that a claim accrues when the plaintiff knows, or should know, of the injury that is the basis of the cause of action. *See Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996). Under this "discovery rule," the statute begins to run once a plaintiff knows of his injury and its cause. *Gibson v. United States*, 781 F.2d 1334, 1344 (9th Cir. 1986). *See also Conner v. Reckitt & Colman, Inc*., 84 F.3d 1100, 1102 (8th Cir. 1996) (statute of limitations for ADA claim begins to run at time of discriminatory act, not when the act's consequences become most painful).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

The statute of limitations for a § 1983 claim seeking to vindicate an arrestee's right to be free from criminal charges based on allegedly fabricated evidence does not accrue until the charges are "fully and finally resolved and c[an] no longer be brought against" him. *Bradford v. Scherschligt*, 803 F.3d 382, 388–89 (9th Cir. 2015).

Whether tolling (stopping) of a statute of limitations is available is governed by state law, unless application of state tolling principles would undermine important federal policy. *See Johnson v. Railway Express Agency, Inc*., 421 U.S. 454, 464-65 (1975). The Idaho Supreme Court determined that "[s]tatutes of limitation in Idaho are not tolled by judicial construction but rather by the expressed language of the statute." *Wilhelm v. Frampton*, 158 P.3d 310, 312 (Idaho 2007).[1] Idaho statutorily tolls the limitations period during the "legal disabilities" of a person's minority (not yet an adult) or insanity. I.C. § 5-230.

Another option to address untimeliness is the theory of equitable estoppel, which "does not 'extend' a statute of limitation"; rather, it prevents a party who has falsely represented or concealed a material fact with actual or constructive knowledge of the truth "from pleading and utilizing the statute of limitations as a bar, although the time

---

[1] More recently, the Idaho Supreme Court has departed from *Johnson* and applied *equitable* tolling in prisoner post-conviction matters. *See Bahr v. State*, 533 P.3d 282, 287-88 (Idaho 2023) (discussing *Evensiosky v. State*, 30 P.3d 967 (2001), and applying federal habeas corpus equitable tolling principles from *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). But the Idaho Supreme Court has not extended equitable tolling to other categories of civil matters.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

limit of the statute may have already run." *J.R. Simplot Co. v. Chemetics International, Inc.*, 887 P.2d 1039, 1042 (Idaho 1994), *abrogated on other grounds by Day v. Transportation Dep't*, 458 P.3d 162 (2020) (recognizing waiver as an additional non-statutory bar to the statute-of-limitations defense). The Idaho version of equitable estoppel requires facts supporting four elements: "(1) a false representation or concealment of a material fact with actual or constructive knowledge of the truth; (2) that the party asserting estoppel did not know or could not discover the truth; (3) that the false representation or concealment was made with the intent that it be relied upon; and (4) that the person to whom the representation was made, or from whom the facts were concealed, relied and acted upon the representation or concealment to his prejudice." *Id.* at 1041.

## 2. Discussion

Plaintiff was arrested on January 24, 2019, on alleged fabricated evidence and under an alleged conspiracy among government officials to maliciously prosecute him on charges of possession of a controlled substance and possession of drug paraphernalia. *See* Ada County Fourth Judicial District Case CR01-10-03431, *State of Idaho v. Gregory Martin Marlor*.[2] After much litigation, the state district court granted Plaintiff's motion to reconsider a motion to suppress or dismiss and entered an Order dismissing the case on

---

[2] See https://portal-idaho.tylertech.cloud/odysseyportal/Home/WorkspaceMode?p=0 (search terms: Marlor, Gregory) (accessed 2/17/2025).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**

June 9, 2021. Therefore, any civil rights claims arising from Plaintiff's arrest or criminal case should have been filed no later than June 10, 2023.

Plaintiff also asserts claims arising from the time periods in which he was incarcerated as a pretrial detainee at the Ada County Jail and out on pretrial release. For example, he asserts that various medical providers violated his right to adequate medical care, and that officials who administered his electronic monitoring device he wore violated his civil rights. These claims are not so connected to the criminal charges that the statute of limitations for them would have been tolled until his criminal case was dismissed. Rather, those claims arising in 2019 should have been filed in 2021; if arising in 2020, a complaint should have been filed in 2022.

Plaintiff makes two arguments to excuse his untimeliness. First, he asserts that "equitable estoppel" should apply "due to the Defendants' planned, acted, and resulted in an unlawful arrest of the Plaintiff, then maliciously prosecuted him all under collusion and color of law while maintaining an lawful arrest." Dkt. 3-5 at 109 (verbatim). However, equitable estoppel means that a Defendant took some action *after* the allegedly wrongful action to prevent Plaintiff from discovering the factual basis of his claims in time to file a lawsuit. Plaintiff incorrectly focuses on the acts that form the basis of the civil rights claim.

Second, Plaintiff asserts that statutory tolling is available under I.C. § 5-230. He asserts that he was "insane" and unable to bring a civil action. However, this period of "insanity" must have occurred while the statute of limitations was running, between June

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 6**

10, 2021, and June 10, 2023, and it must be documented by medical or mental health records.

Plaintiff also asserts that I.C. § 5-236 applies, because he had "co-existing disabilities." He says that he suffers from paralysis of the lower extremities, rheumatoid arthritis, long COVID, and PTSD. However, the statute is referring to the legal disabilities of minority (not yet an adult) and insanity, not the common definition of "disability." Plaintiff has not provided sufficient facts showing he had a legal disability during the statute of limitations period.

Plaintiff also admits that he had prepared and filed an online complaint against the seven arresting deputies in July 2021. Dkt. 3-5 at 87. This statement shows that he had the ability and means to file a pro se complaint in 2021. In 2019, Detective Morgan told Plaintiff, "Sometimes bad things happen. I'm done with my investigation, but the prosecutor said if you don't like the results, sue them." *Id*. at 144. He filed a timely state tort claim notice in 2021 to give state actors "legal notice of his intention to sue." *Id*. at 147.

Lack of an attorney does not extend a statute of limitations date. The Ninth Circuit has held that ignorance of the law without more, is not grounds for equitable tolling in the context of habeas corpus actions. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (a petitioner's "inability correctly to calculate the limitations period" and "lack of legal sophistication" are not "extraordinary circumstance[s] warranting equitable tolling")). A federal district court in New York aptly reasoned: "Plaintiff's lack of

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 7**

knowledge and inability to find or pay for an attorney are insufficient reasons for equitable tolling. If those reasons were sufficient to successfully assert equitable tolling, every pro se litigant who could not find counsel, and was not an attorney him or herself, would be entitled to equitable tolling." *Shenk v. State Univ. of New York at Cortland*, No. 519CV1287DNHATB, 2019 WL 7484046, at *4 (N.D.N.Y. Nov. 13, 2019), *report and recommendation adopted*, No. 519CV1287DNHATB, 2020 WL 58628 (N.D.N.Y. Jan. 6, 2020). In addition, neither the Idaho State Bar nor any lawyer to whom they referred Plaintiff through the Lawyer Referral Service had a legal obligation to find Plaintiff an attorney or represent him.

Plaintiff also asserts that he suffered from "brain fog" until 2023 (Dkt. 3-5 at 94-97), but the fact that he prepared a tort claim notice a complaint in 2021 shows that his brain fog did not affect his ability to file a complaint within the statute of limitations period. *See* Dkt. 3-5 at 94.

## 3.  Conclusion

It appears that Plaintiff's claims are untimely, and that he is not entitled to statutory tolling, equitable tolling, or equitable estoppel. He will be given leave to file a memorandum showing that his claims are timely, or that facts exist to show legal excuse for the untimeliness should be applied.

# ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Proceed in Forma Pauperis (Dkt. 1) is GRANTED for purposes of filing and showing that his action is timely or that his untimeliness is excused.

2. Plaintiff's Motion to Waive Bond (Dkt. 5) is DENIED without prejudice as MOOT. In federal court, the state bond statute is not enforced for in forma pauperis litigants.[3]

3. Plaintiff shall file a memorandum of no more than 20 pages, setting forth his timeliness and his tolling and estoppel arguments, if any, within **30 days** after entry of this Order. Alternatively, he may file a notice of voluntary dismissal. Plaintiff shall file nothing further until the Court issues a second successive review order.

---

[3] A motion for waiver of security costs, which arises from a state statute, Idaho Code §6-610, is unnecessary, because the statute is inapplicable to civil rights causes of action brought in federal court. In *Pugsley v. Cole*, 2005 WL 1513112 (D. Idaho June 27, 2005), Magistrate Judge Larry M. Boyle held that an indigent prisoner's state-law claims will not be barred for failure to post the requisite bond. *Id.* at *7. That holding later was adopted by the Idaho Court of Appeals. *See Hyde v. Fisher*, 152 P.3d 653, 656 (Idaho Ct. App. 2007) (adopting *Pugsley*); *see also Beehler v. Fremont County*, 182 P.3d 713, 717 (Idaho Ct. App. 2008).



DATED: March 24, 2025

B. Lynn Winmill
U.S. District Court Judge