UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GREGORY R. MARLOR,<br><br>    Plaintiff,<br><br>  v.<br><br>HOLLY GOODIN, ADA COUNTY, et al.,<br><br>    Defendants. | Case No. 1:25-cv-00003-BLW<br><br>**ORDER RE: STATUTE OF LIMITATIONS** |

In the Initial Review Order, the Court determined that Plaintiff Gregory R. Marlor filed his civil rights Complaint after the statute of limitations expired. Dkt. 7. The Court permitted him to file a brief showing that a legal excuse should be applied to allow the Court to hear his claims. Plaintiff has submitted his brief (Dkt. 11), which the Court now reviews.

### REVIEW OF STATUTE OF LIMITATIONS BRIEFING

**1. Standards of Law for Review of Complaint**

The statute of limitations period for filing a civil rights lawsuit under 42 U.S.C. § 1983 is determined by the statute of limitations period for personal injuries in the state where the claim arose. *Wilson v. Garcia*, 471 U.S. 261 (1985) (later overruled only as to

**ORDER RE: STATUTE OF LIMITATIONS - 1**

claims brought under the Securities Exchange Act of 1934, not applicable here). Idaho Code § 5-219 provides for a two-year statute of limitations for personal injury. Federal civil rights actions arising in Idaho are governed by this two-year statute of limitations.

Although the Court relies upon the state statute of limitations to determine the time for filing a claim, federal law is used to determine when a claim accrues. *Elliott v. City of Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994). The Ninth Circuit has determined that a claim accrues when the plaintiff knows, or should know, of the injury that is the basis of the cause of action. *See Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir. 1996). Under this "discovery rule," the statute begins to run once a plaintiff knows of the injury and its cause. *Gibson v. United States*, 781 F.2d 1334, 1344 (9th Cir. 1986). A claim accrues upon awareness of an actual injury, "and not when the plaintiff suspects a legal wrong." *Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1049 (9th Cir. 2008).

Under limited circumstances, late claims sometimes can be salvaged. State law governs equitable excuses related to the statute of limitations. The Idaho Supreme Court has determined that "[s]tatutes of limitation in Idaho are not tolled by judicial construction but rather by the expressed language of the statute." *Wilhelm v. Frampton*, 158 P.3d 310, 312 (Idaho 2007).[1] Idaho statutorily tolls the limitations period for a

---

[1] The Idaho Supreme Court has applied equitable tolling in prisoner post-conviction matters. *See Bahr v. State*, 533 P.3d 282, 287-88 (Idaho 2023) (discussing *Evensiosky v. State*, 30 P.3d 967

**ORDER RE: STATUTE OF LIMITATIONS - 2**

person's minority status or insanity. I.C. § 5-230. After *Wilhelm*, the Idaho Supreme Court recognized that waiver and other equitable doctrines may be applied to excuse a late filing. *Day as Tr. of Tr. B of Donald M. Day & Marjorie D. Day Fam. Tr. v. Transportation Dep't*, 458 P.3d 162, 170 (2020).

The theory of equitable estoppel is also available. While it "does not 'extend' a statute of limitation," it works in a similar manner to prevent a party who has falsely represented or concealed a material fact with actual or constructive knowledge of the truth "from pleading and utilizing the statute of limitation as a bar, although the time limit of the statue may have already run." *J.R. Simplot Co., v. Chemetics International, Inc.*, 887 P.2d 1039, 1042 (Idaho 1994), *abrogated by Day, supra*; *see also Gallagher v. Best W. Cottontree Inn*, 388 P.3d 57 (Idaho 2017). The Idaho equitable estoppel test requires facts supporting four elements: "(1) a false representation or concealment of a material fact with actual or constructive knowledge of the truth; (2) that the party asserting estoppel did not know or could not discover the truth; (3) that the false representation or concealment was made with the intent that it be relied upon; and (4) that the person to whom the representation was made, or from whom the facts were concealed, relied and

---

(2001), and applying federal habeas corpus equitable tolling principles from *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("'Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'"). But the Idaho Supreme Court has not extended equitable tolling to other categories of civil matters.

**ORDER RE: STATUTE OF LIMITATIONS - 3**

acted upon the representation or concealment to his prejudice." *Simplot*, 887 P.2d at 1041.

If claims are untimely filed and the untimeliness cannot be excused, they are subject to dismissal for fail to state a claim upon which relief can be granted. *See Belanus v. Clark*, 796 F.3d 1021, 1030 (9th Cir. 2015).

2. Discussion

   A. *Claims arising from Criminal Charges*

Plaintiff was arrested on January 24, 2019. He alleges government officials fabricated evidence and conspired together to maliciously prosecute him on charges of possession of a controlled substance and possession of drug paraphernalia. *See* Ada County Fourth Judicial District Case CR01-10-03431, *State of Idaho v. Gregory Martin Marlor*.[2] After much litigation, the state district court granted Plaintiff's motion to reconsider his motion to suppress or dismiss and entered an order dismissing the case on June 9, 2021. Therefore, any civil rights claims arising from Plaintiff's arrest or criminal case should have been filed within two years of dismissal, that is, no later than June 10, 2023. The Court ordered Plaintiff to provide specific facts showing Plaintiff could not have filed his complaint during those two years.

---

[2] See https://portal-idaho.tylertech.cloud/odysseyportal/Home/WorkspaceMode?p=0 (search terms: Marlor, Gregory) (accessed 8/17/2025).

**ORDER RE: STATUTE OF LIMITATIONS - 4**

B. *Claims arising from Incarceration*

Plaintiff also asserts claims arising from the time periods in which he was incarcerated as a pretrial detainee at the Ada County Jail and out on pretrial release. For example, he asserts that various medical providers violated his right to adequate medical care, and that officials who administered his electronic monitoring device violated his civil rights. These claims are not intimately connected to the criminal charges. Rather, the conditions of confinement claims arising in 2019 should have been filed by 2021; for those arising in 2020, a complaint should have been filed by 2022. For these claims, the Court is looking for facts showing Plaintiff could not have filed a Complaint between 2019 and 2022.

C. *Facts Showing Plaintiff Could Have Filed a Timely Complaint*

In 2019, Detective Morgan told Plaintiff, "Sometimes bad things happen. I'm done with my investigation, but the prosecutor said if you don't like the results, sue them." *Id*. at 144. Plaintiff filed a timely state tort claim notice in 2021 to give state actors "legal notice of his intention to sue." *Id*. at 147. Plaintiff admits that he prepared and filed an online complaint against the seven arresting deputies in July 2021. Dkt. 3-5 at 87. He states that he was able to file the July 2021 complaint only with the help of his friends; this allegation shows that he could have filed a complaint regarding the claims *in this action* with the help of his friends, a lawyer, or another person in July 2021. Based on this

**ORDER RE: STATUTE OF LIMITATIONS - 5**

evidence, Plaintiff is unable to show that tolling for either the malicious prosecution or conditions of confinement claims should be applied through July 2021.

Plaintiff next must provide facts showing that he could not have filed a complaint on the 2019 and 2020 conditions of confinement claims between July 2021 and December 2022, and that he could not have filed a malicious prosecution complaint between July 2021 and June 10, 2023.

The Court ordered Plaintiff to provide specific dates corresponding to his excuses and documents in support of them. He did not.

Plaintiff provides a long, vague history of various medical problems arising from June 2021 and then continuing for unknown periods of time, but, because he filed a complaint and a notice of tort claim in July 2021, clearly, he had the capacity to file a complaint regarding the claims in this action at that time.

In addition, the Court notes that Plaintiff carried on a long equal housing rights campaign against a certain low-income housing unit between 2021 and 2023. *See* Case No. 1:24-cv-00573-AKB, *Marlor v. The Housing Company*, Dkts. 2, 2-2. The actions took during his disputes with this company show he had the mental and physical capacity to protect his interests and prepare documents relying on legal arguments; therefore, he could have done the same as to the claims he attempts to assert in this action.

Plaintiff also asserts that tolling should be applied because his sister died and some of his friends died. He provides no dates to support these contentions or show why these

**ORDER RE: STATUTE OF LIMITATIONS - 6**

events prevented him from filing a lawsuit during the two-year period. Certainly, he could have filed a bare-bones complaint and asked the Court for additional time to file an amendment to account for his difficulty in functioning while grieving. However, to do nothing does not support tolling.

Plaintiff also argues that he exhausted avenues with the potential lawyers provided by the Idaho State Bar's lawyer referral service, without finding representation. That service was not required to continue to give him referrals; he certainly could have pursued other lawyers in the community. He also states that the state judge's order regarding the suppression motion was "convoluted," causing lawyers to wrongly reject representation of him. This is not grounds for equitable tolling. If Plaintiff had the ability to analyze the judge's suppression motion, he had the ability to file a lawsuit regarding the allegedly wrongful law enforcement officer conduct that formed the basis of the successful motion to suppress. Plaintiff states that it was he, himself, who notified various lawyers that a state criminal case and a related federal civil rights case cannot be litigated at the same time, and not vice versa; again, these allegations show he had a clear mind and knowledge about how litigations should proceed. All of this evidence does not show he could not have drafted and filed a simple complaint in federal court, but it is evidence that he could.

Plaintiff also vaguely asserts that state judicial officers took "clandestine actions to aid in his prosecution while suppressing law enforcement's misconduct." Dkt. 11 at 4.

**ORDER RE: STATUTE OF LIMITATIONS - 7**

Prior to the suppression hearing he became aware that things like VPH and radio chatter were missing from the State's discovery responses, but he admits that prosecutors produced this evidence to him in time to raise it in the suppression proceedings, where the charges were dismissed. Dkt. 11 at 6. Plaintiff, in fact, filed a complaint shortly after the charges were dismissed. Discovery would have revealed any "clandestine acts." It is no excuse that he could have obtained more or better facts but for the judicial officers' actions to hide the misconduct. Other actions could have been discovered during the disclosure and discovery process. Importantly, Plaintiff does not identify *which* facts he did not discover that would be the basis for equitable tolling or estoppel.

Plaintiff provides much background about having COVID-19, but provides no clear dates or medical records, as required by the Court's previous Order. All of the documents Plaintiff prepared or directed to be prepared for him during the relevant time shows that he had the mental acuity necessary to file a simple complaint, regardless of having COVID-19. He asserts (without any supporting documentation) that his mental state and cognition improved only at the beginning of 2023, and those improvements were followed by diminished physical capacity. But his court filings from 2021 show he had adequate acumen and ability; his legal arguments and agency filings from his housing case show his abilities continued through 2023.

In conclusion, the Court concludes that the record in this case and in his housing case show he had continuously adequate reasoning, writing, and filing capabilities from

**ORDER RE: STATUTE OF LIMITATIONS - 8**

2019 to 2023. Plaintiff's vague arguments do not support application of any equitable principles to excuse his untimeliness.

## EXCUSES REJECTED IN INITIAL REVIEW ORDER

For the sake of clarity and comprehensiveness, the Court reviews Plaintiff's additional arguments rejected in the Initial Review Order.

### 1. Equitable Estoppel

Plaintiff asserts that "equitable estoppel" should apply "due to the Defendants' planned, acted, and resulted in an unlawful arrest of the Plaintiff, then maliciously prosecuted him all under collusion and color of law while maintaining an lawful arrest." Dkt. 3-5 at 109 (verbatim). However, equitable estoppel means that a Defendant took some action *after* the allegedly wrongful action to prevent Plaintiff from discovering the factual basis of his claims in time to file a lawsuit. Plaintiff incorrectly focuses on the acts that form the basis of the civil rights claim.

### 2. Statutory Tolling - Insanity

Plaintiff asserts that statutory tolling is available under I.C. § 5-230, which clarifies that a "legal" disability of minority (under age 18) and insanity that existed when his right of action accrued is grounds for tolling. He asserts that he was "insane" and unable to bring a civil action. However, this period of "insanity" must have occurred while the statute of limitations was running, and it must be documented by medical or mental health records. Nothing in the records supports this excuse.

### 3. Statutory Tolling - Disabilities

Plaintiff also asserts that I.C. § 5-236 applies, because he had "co-existing disabilities." He says that he suffers from paralysis of the lower extremities, rheumatoid arthritis, long COVID, and PTSD. However, the statute is referring to the legal disabilities of minority (under age 18) and insanity, not the common definition of "disability." Plaintiff has not provided sufficient facts showing he had one or more legal disabilities during the statute of limitations period.

### 4. Lack of an Attorney

Lack of an attorney does not extend a statute of limitations date. The Ninth Circuit has held that ignorance of the law without more, is not grounds for equitable tolling in the context of habeas corpus actions. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (a petitioner's "inability correctly to calculate the limitations period" and "lack of legal sophistication" are not "extraordinary circumstance[s] warranting equitable tolling")). A federal district court in New York aptly reasoned: "Plaintiff's lack of knowledge and inability to find or pay for an attorney are insufficient reasons for equitable tolling. If those reasons were sufficient to successfully assert equitable tolling, every pro se litigant who could not find counsel, and was not an attorney him or herself, would be entitled to equitable tolling." *Shenk v. State Univ. of New York at Cortland*, No. 519CV1287DNHATB, 2019 WL 7484046, at *4 (N.D.N.Y. Nov. 13, 2019), *report and*

*recommendation adopted*, No. 519CV1287DNHATB, 2020 WL 58628 (N.D.N.Y. Jan. 6, 2020).

### 5. Ongoing Brain Fog

Plaintiff also asserts that he suffered from "brain fog" until 2023 (Dkt. 3-5 at 94-97), but the fact that he prepared a tort claim notice a complaint in 2021, conducted an intelligent quest for an attorney to help him file a lawsuit (including his assertions that he knew more about civil rights law than the attorneys he consulted), and his protection and assertion of his legal rights in his housing disputes show that his brain fog did not affect his ability to think, reason, write, or file a complaint within the statute of limitations period. *See* Dkt. 3-5 at 94.

## CONCLUSION

Plaintiff's claims are untimely. He is not entitled to statutory tolling, equitable tolling, or equitable estoppel. To the extent that the Court has not particularly addressed any excuse or argument, it has been considered and is rejected. This case will be dismissed with prejudice.

## ORDER

**IT IS ORDERED** that Plaintiff's Complaint is DISMISSED with prejudice for being untimely. Nothing further shall be filed in this case except a notice of appeal and any accompanying documents.



DATED: September 6, 2025

B. Lynn Winmill
U.S. District Court Judge

**ORDER RE: STATUTE OF LIMITATIONS - 12**